## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT J. BLANKENSHIP, | ) | |
| | ) | Case No. 3:22-cv-214 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| MIKE PARRIS and | ) | |
| WAYNE BUNCH, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons set forth below, Plaintiff's motion will be granted and this action dismissed for Plaintiff's failure to state a claim upon which § 1983 relief may be granted.

### I.      MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion and supporting documents that he lacks the financial resources to pay the filing fee. *See* 28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) will be **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and

(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING OF COMPLAINT

### A.     Screening Standards

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B.    Plaintiff's Allegations

Plaintiff alleges that on January 8, 11, and 14, 2021, at the Morgan County Correctional Complex ("MCCX"), "prison officials knowingly and deliberately placed [him] in harm's way by allowing other inmates access into [his] cell[,] which is against policy and can be accounted for because the inmates who gained access were black and [Plaintiff] and [his] cellmate (Timothy Allison) are white." (Doc. 2, at 3–4.) Plaintiff reported the incident, "but nothing was done." (*Id*. at 4.) On January 14, 2021, Plaintiff was assaulted after a pod officer allowed a black inmate into Plaintiff's cell, and Plaintiff was punished for the attack by enduring a month of segregation and "several" disciplinary write-ups as result. (*Id*. at 3–4.) Plaintiff also had his "parole taken from [him] over lies" that he can prove. (*Id*. at 6.)

Aggrieved, Plaintiff asks the Court to compensate him for his suffering. (*Id*. at 5.)

## C.    Analysis

### i.    Merits

As a preliminary matter, the Court finds that, to the extent Plaintiff intends to assert any claims related to his allegations of being punished through segregation, write-ups, or the loss of his parole, such claims are wholly unsupported by material facts.  Therefore, these allegations are insufficient to state a § 1983 claim for relief, and they will be **DISMISSED**.  *See, e.g., Iqbal*, 550 U.S. at 678 (holding claims must be supported with factual allegations that render the claim "plausible," not merely "possible").

The central claim to Plaintiff's complaint, however, is that Defendants violated his Eighth Amendment right to safe and humane conditions.  (*Id*. at 5.)  The Eighth Amendment guarantees prisoners a constitutionally protected right to personal safety.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  Included therein is the right to be free "from violence at the hands of other prisoners."  *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833).  As such, prison officials must "take reasonable measures to guarantee the safety of the inmates."  *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).

A jail official may violate this right by being deliberately indifferent to a prisoner's risk of injury.  *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988).  An officer is deliberately indifferent to such a risk where he is "subjectively aware of the risk" and "disregard[s] that risk by failing to take reasonable measures to abate it."  *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 847).

Plaintiff does not advise the Court whether he was on lockdown during the relevant times or provide any other information as to why other inmates were not allowed into his cell.  He

4

alleges, without any explanation, that allowing black inmates into the cell of white inmates is against policy. (*See id*. at 4.) While these omitted facts would provide context for Plaintiff's claims, the Court finds that their absence does not prohibit a determination of the merits of Plaintiff's failure-to-protect claim, as Plaintiff maintains that he complained about the entry to his cell, nothing was done by officials, and on January 14, 2021, a pod officer allowed the offending inmate into Plaintiff's cell, and that inmate then assaulted Plaintiff. (*Id*.)

Therefore, Plaintiff's allegations suggest that the assault would not have occurred but for the actions of the pod officer. However, Plaintiff has not named the pod officer as a Defendant in this action, nor has he alleged that he had previously complained to that pod officer about other inmates' access to his cell. Without some factual allegation from which the Court could infer that the pod officer should have foreseen the attack, Plaintiff cannot establish a claim of deliberate indifference against the officer. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002) (finding that because of the subjective component necessary to establish failure-to-protect liability, an officer cannot be deliberately indifferent when an inmate is a victim of a surprise attack). It is well settled that mere negligence or dereliction of duty cannot be the basis of a failure-to-protect claim. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action).

Additionally, Plaintiff's complaint is completely silent as to the liability of the named Defendants—Warden Mike Parris and Unit Manager Wayne Bunch. To establish a claim for damages, Plaintiff must show that each Defendant, through his or her own conduct, violated Plaintiff's constitutional rights. *See Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) ("A critical aspect of the § 1983 . . . universe is that to be held liable, a plaintiff must demonstrate 'that each Government-official defendant, through the official's own individual actions, has

5

violated the Constitution.'") (quoting *Iqbal*, 556 U.S. at 676).  This requirement to plead each Defendant's personal involvement arises "[b]ecause § 1983 liability cannot be imposed under a theory of *respondeat superior*."  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).

Because his complaint lacks any factual allegations against them, the Court presumes Plaintiff seeks to impose liability against Defendants Parris and Bunch due to their supervisory roles.  However, to impose liability in such circumstances, Plaintiff must show "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Plaintiff's complaint fails to allege that either named Defendant personally violated his constitutional rights, or that either directly participated in or encouraged violations by MCCX staff.  Accordingly, without any facts to support "the reasonable inference that the defendant is liable for the misconduct alleged," the claims against Defendants Parris and Bunch will be **DISMISSED**.  *See Iqbal*, 556 U.S. at 677–78 (citation omitted).

### ii.       *Statute of Limitations*

The Court alternatively finds that Plaintiff's action is barred by the applicable statute of limitations.  In § 1983 actions, federal district courts apply the State's statute of limitations for personal injury actions.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Tennessee, that period is one year.  *See Tenn. Code Ann*. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim).  When the statute begins to run, however, is an issue of federal law.  *Eidson v. Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted).  Under federal law, a cause of action accrues, and the limitations period begins to run, when the

6

injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

The injury forming the basis of Plaintiff's failure-to-protect claim was discoverable on January 14, 2021, and his cause of action for that claim was complete when he was allegedly attacked on that date. However, Plaintiff did not file the instant suit until, at earliest, May 15, 2022. (Doc. 2, at 5.) Therefore, this action will alternatively be **DISMISSED** as untimely.

## III.    CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4.    Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

5.    The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

7